UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N. C.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-04016-WHO<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT; ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 37, 41 |

# INTRODUCTION

On June 12, 2018, plaintiff N.C. moved for leave to file a First Amended Complaint. Pl.'s Mot. for Leave to Amend Complaint (Dkt. No. 37). Pursuant to Civil Local Rule 7-1(b), the motion for leave to amend is appropriate for determination without oral argument and the July 18, 2018 hearing is VACATED. The parties also filed a joint discovery dispute letter consistent with my Standing Order for Civil Cases, which I address below.

# DISCUSSION

## I. LEAVE TO AMEND COMPLAINT

The proposed amended complaint adds four defendants and removes Barbara Coleman as Guardian ad Litem. Mot. 1. A court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Factors to determine whether leave should be granted include: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). In the absence of these concerns, there is "a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants oppose the motion for leave to the extent it adds new defendants, arguing that there was bad faith and undue delay. Opp. at 4 (Dkt. No. 42).[1] Specifically, they contend that plaintiff knew the identities of the additional defendants since December 2016, and could have included them in the original complaint, but plaintiff instead waited so long to seek leave to amend that the hearing on the current motion won't occur until two weeks before the Settlement Conference. *Id*. In support of the motion for leave, plaintiff explains that documents produced on May 10 and June 1, 2018, confirmed that the four additional defendants were present at the scene of the 2016 incident and provided necessary details regarding the additional defendants' roles in the incident justifying their being added as named defendants.

While defendants raise valid concerns with the timing of this motion, it does not amount to bad faith, undue delay, or prejudice. Given the liberal standard for granting leave and the fact that plaintiff has not previously amended the complaint, I GRANT the motion for leave to amend. Plaintiff may file the proposed First Amended Complaint within seven days of this Order.

## II. DISCOVERY DISPUTE

In the current discovery dispute plaintiff seeks documents related to the four additional defendants, and defendants request several amended and completed responses to their first set of interrogatories.

### A. Plaintiff's Request for Documents Related to Additional Defendants

Plaintiff argues that because his First Set of Requests for Production sought documents related to any officer "involved" in the incident, defendants should be compelled to produce documents relating to the four additional defendants they have now added (consistent with the documents I ordered defendants to produce in my May 31, 2018 Order). *See* Order on Discovery Disputes (Dkt. No. 33); Second Joint Discovery Dispute Statement at 2 (Dkt. No. 41). Defendants oppose, arguing that they should not be required to produce these documents because the additional defendants had not been added to the case at the time the discovery letter was filed and because of their continued objections as explained in their opposition to the prior discovery

---

[1] Defendants do not object to the removal of Barbara Coleman as the Guardian ad Litem given that plaintiff reached the age of majority in October 2017. Oppo. at 2 n.1.

dispute. However, these defendants have now been added to the case and I rejected defendants' objections in my prior Order. Dkt. No. 33. Therefore, defendants shall produce misconduct documents and personnel files for the four additional officer defendants on or before July 6, 2018.

### B. Defendants' Request for Production

Defendants also seek complete responses to their first set of interrogatories numbers 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 16, 20, 21, 22, 23, and 24. Defendants complain that plaintiff's initial responses were incomplete and impermissibly referred defendants to previously produced documents for the answers. Plaintiff responds that defendants' request is premature, as he has agreed to amend his responses with narrative answers by June 29, 2018. If, after viewing plaintiff's amended responses, defendants still feel the amended answers are deficient, they shall file a further joint discovery dispute letter.

**IT IS SO ORDERED.**

Dated: June 29, 2018

William H. Orrick
United States District Judge