ANUPAM SHARMA (Bar No. 229545)
THOMAS E. GARTEN (Bar No. 247122)
HYUN BYUN (Bar No. 281753)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, California 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: asharma@cov.com
Email: tgarten@cov.com
Email: hbyun@cov.com

JUN LI (Bar No. 315907)
YURIJ MELNYK (Bar No. 319325)
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: junli@cov.com
Email: ymelnyk@cov.com

MEREDITH DESAUTELS TAFT (Bar No. 259725)
BAY AREA LEGAL AID
1735 Telegraph Avenue
Oakland, California 94612
Telephone: (510) 663-4744
Facsimile: (510) 663-4740
Email: mdesautels@baylegal.org

Attorneys for Plaintiff N.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.C., a minor, | Civil Case No.: 3:17-cv-4016-WHO |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| CITY AND COUNTY OF SAN FRANCISCO; TONEY CHAPLIN; MARIS GOLDSBOROUGH; GABRIEL ALCARAZ; ALI MISAGHI; EDUARD OCHOA; CARLOS MUSTAFICH; DAVID JOHNSON; DOES 1-100, | **DEMAND FOR JURY TRIAL** |
| Defendants | |

**JURISDICTION**

1.       This action arises under 42 U.S.C. Section 1983.  Jurisdiction is based on 23 U.S.C. Sections 1331 and 1343.

**INTRADISTRICT ASSIGNMENT**

2.       The claims alleged herein arose in the City and County of San Francisco, State of California.  Therefore, venue and assignment are in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions.  28 U.S.C. Section 1391(b)(2); Civil L.R. 3-2(d).

**PARTIES**

3.       Plaintiff N.C. was a minor at the time of the incident that gives rise to this suit.  Plaintiff N.C. is identified in this lawsuit by his initials pursuant to Federal Rules of Civil Procedure 5.2(a)(3).

4.       Defendant CITY AND COUNTY OF SAN FRANCISCO is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

5.       Defendant TONEY CHAPLIN ("CHAPLIN") was, at all times herein mentioned, the Acting Chief of Police for the San Francisco Police Department and, as such, was the policy-maker for Defendant CITY AND COUNTY OF SAN FRANCISCO on matters related to the San Francisco Police Department.  Defendant CHAPLIN is sued in his individual and official capacities.

6.       On information and belief, Defendant MARIS GOLDSBOROUGH ("GOLDSBOROUGH") was at all times mentioned herein a police sergeant for Defendant CITY AND COUNTY OF SAN FRANCISCO and a supervisor of at least some of the Defendant police officers.  He is sued in his individual and official capacities.

7.       On information and belief, Defendant GABRIEL ALCARAZ ("ALCARAZ") was at all times mentioned herein a police officer for Defendant CITY AND COUNTY OF SAN FRANCISCO.  He is sued in his individual and official capacities.

8.       On information and belief, Defendant ALI MISAGHI ("MISAGHI") was at all times mentioned herein a police officer for Defendant CITY AND COUNTY OF SAN FRANCISCO.  He is sued in his individual and official capacities.

9. On information and belief, Defendant EDUARD OCHOA ("OCHOA") was at all times mentioned herein a police officer for Defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual and official capacities.

10. On information and belief, Defendant CARLOS MUSTAFICH ("MUSTAFICH") was at all times mentioned herein a police officer for Defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual and official capacities.

11. On information and belief, Defendant DAVID JOHNSON ("JOHNSON") was at all times mentioned herein a police officer for Defendant CITY AND COUNTY OF SAN FRANCISCO. He is sued in his individual and official capacities.

12. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this First Amended Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe, and upon such information and belief alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, battery, racial bias or racial animus, excessive force, false arrests, false imprisonments or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this First Amended Complaint to insert further charging allegations when such facts are ascertained.

13. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO.

14. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

15. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

16.     In the afternoon of June 16, 2016, N.C. met his girlfriend, X.G., a minor, and proceeded to the bus stop for the 44 line to visit his cousin along with X.G.  On the way to the bus stop, he noticed that his half-sister's cousin, A.D., a female and a minor, was getting on a bus.  She was followed by a white male, whose name, on information and belief, is Justin Jackman.  It appeared that the two were getting into an altercation and A.D. pleaded N.C. for help.  As a result, N.C. boarded the bus to distract Mr. Jackman and assist A.D.  The bus driver loudly asked Mr. Jackman, N.C., and A.D. to get off the bus.  N.C. disembarked and ran away to avoid conflict.  A few minutes later, N.C. ran into Mr. Jackman.  When Mr. Jackman yelled at him and falsely accused N.C. of robbery, N.C. ran away from him.  On information and belief, Mr. Jackman is about 6 feet tall, whereas N.C. is only 5' 2" and weighs about 115 pounds.

17.     On information and belief, on the same day, Officers ALCARAZ and MISAGHI and other officers responded to a call of a robbery.  According to the police report, they were informed that two female suspects had attempted to commit robbery at San Bruno Avenue and Silver Avenue in San Francisco.  On information and belief, the dispatcher provided a description of the clothing of the two female suspects.  On information and belief, at that time, officers ALCARAZ and MISAGHI were driving an unmarked police car.  On information and belief, when Officers ALCARAZ and MISAGHI saw N.C. running, they started to pursue him.

18.     On information and belief, Officer ALCARAZ got off the car and pursued N.C. on foot, while Officer MISAGHI pursued by car.  Officer ALCARAZ and/or other police officers caught up with N.C. near a parking lot close to San Bruno Avenue and Burrows Street.  The officers asked N.C. to stop.  Officer ALCARAZ and possibly other police officers identified themselves as police officers and ordered N.C. to stop and lie down on the ground.  At least one police officer drew his gun and threatened to shoot N.C. unless N.C. complied with the order to get on the ground.

19.     N.C. stopped running, turned towards the officers and promptly complied with the order.  He tossed his cellphone on the ground towards the officer.  He then kneeled on the ground and raised his both hands.  As N.C. was in the process of further lying down on the ground, one of the police officers (Officers ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON and/or DOES 1-100) violently

pushed N.C. down to the ground and pinned him by putting his knees on N.C.'s neck and back.  In the police report, Officer ALCARAZ admits to delivering at least one violent blow to N.C. and pinning him down with his knees.  N.C. was pushed to the ground with such violent force that his glasses came off and broke.  The police officers (*i.e.*, Officers ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON and/or DOES 1-100) then handcuffed him.  During that process, while N.C. was lying on the ground and was handcuffed, one of the police officers kicked N.C. on his face. The kick was so severe that it not only created a deep gash on N.C.'s lip, it also severely damaged and broke two of N.C.'s front teeth.  Though the gash on N.C.'s lip has healed after being stitched, his two teeth are still missing and he continues to suffer.

20.     On information and belief, Officers MISAGHI, OCHOA, MUSTAFICH, JOHNSON and/or DOES 1-100 helped Officer ALCARAZ place N.C. under arrest.  On information and belief, Sergeant GOLDBSOROUGH conducted a use of force evaluation at the scene, questioning N.C. while he was handcuffed in the back of a patrol car.  On information and belief, this questioning continued after N.C. expressed a desire to remain silent and prior to N.C. receiving medical care for his injuries.  On information and belief, Sergeant GOLDSBOROUGH did not write any memos or notes as part of his investigation, aside from two lines recorded in a "use of force log." On information and belief, through his evaluation as supervisor, Sergeant GOLDSBOROUGH ratified and acquiesced in the conduct of Officers MISAGHI, OCHOA, MUSTAFICH, JOHNSON and/or DOES 1-100, and as a result of Sergeant GOLDSBOROUGH's evaluation no further investigation was undertaken by the San Francisco Police Department of the force used against N.C.

21.     Realizing that he had just lost two teeth from the violent arrest for a crime he did not commit, N.C. grew increasingly agitated and depressed to the point of being suicidal.  N.C. was subsequently transported to San Francisco General Hospital in an ambulance.  On June 17, 2016, N.C. was booked at the Juvenile Justice Center, and was detained at least until June 20, 2016.  No charges were brought against N.C.  During his arrest, the officers incorrectly assumed that the cellphone in N.C.'s possession was a stolen property, but N.C. proved his innocence by giving the officers the passcode for his cellphone, and asking them to call his adoptive mother from the contact list.

22.     On information and belief, the CITY AND COUNTY OF SAN FRANCISCO, Acting Chief of San Francisco Police Department TONEY CHAPLIN, and/or DOES 51-100 (collectively, "SFPD") had a policy, custom or practice that resulted in N.C.'s injury.  On information and belief, SFPD failed to train, supervise, discipline, and/or adequately screen its officers, resulting in N.C.'s injury.  For example, Officer ALCARAZ was a named defendant along with the CITY AND COUNTY OF SAN FRANCISCO in at least two lawsuits for violation of civil rights.  *See Ruiz-Lopez v. City and Cnty. of San Francisco*, No. 3:09-cv-01396, D.I. 1 (N.D. Cal. Mar. 31, 2009); *A.D. v. City and Cnty. of San Francisco*, No. 3:07-cv-00897, D.I. 1 (N.D. Cal. Feb. 13, 2007).  In particular, Officer ALCARAZ was accused of a strikingly similar use of excessive force in *A.D. v. City and Cnty. of San Francisco*, No. 3:07-cv-00897, D.I. 1 (N.D. Cal. Feb. 13, 2007).  Like N.C., the victims in *A.D.* were African American males.  In *A.D.*, Officer ALCARAZ allegedly pepper sprayed and slammed to the ground African American males, including a minor, who complied with the officers' orders to have their hands raised in the air, *see id.* ¶¶ 20-22.  The victims were allegedly arrested without probable cause, and at least one victim was sent to San Francisco General Hospital for medical treatment following his arrest. *See id.*  Eventually, the victims were released from custody.  *See id.* ¶ 24.  On information and belief, Acting Chief of San Francisco Police Department TONEY CHAPLIN, and/or DOES 51-100 with final policy-making authority committed acts resulting in N.C.'s injury.  On information and belief, Acting Chief of San Francisco Police Department TONEY CHAPLIN, and/or DOES 51-100 with final policy-making authority ratified a subordinate's unconstitutional decision or action that resulted in N.C.'s injury.

23.     Additional details can be found in the San Francisco Police Department Incident Report No. 160490264.

## STATEMENT OF DAMAGES

24.     N.C. suffered extensively because of the use of excessive and unwarranted force during N.C.'s arrest.  He was violently pushed to the ground and repeatedly hit by the police officers.  N.C. suffered a deep cut on his upper lip, which swelled up.  In addition, he was kicked in his face so severely that he lost two front teeth from the kick.  As a result of excessive force, N.C.'s glasses were broken.

25.     The use of extreme violence during the arrest greatly agitated N.C. and created extreme mental anguish.  As an example, while waiting in the police patrol car, N.C. became suicidal.  N.C. tried to hang himself with a cellphone charger wire.  While being transferred to the ambulance, during the journey to the hospital, and while at the hospital, N.C. remained extremely distraught and repeated comments about wanting to die.  He even asked the police officers to shoot him.  At the hospital, N.C. punched the wall with his fists out of frustration and mental agony.  N.C. expressed his frustration for being arrested when he had not committed any crime, being violently treated during his arrest, and having his teeth knocked out.  He repeatedly complained of a chest pain possibly due to the blows he received from the police officers during the arrest.  N.C.'s mental agony was exacerbated by the fact that N.C. had recently lost his birth mother.  Furthermore, the police did not immediately contact N.C.'s adoptive parent shortly after arresting him, ignoring N.C.'s request.  N.C.'s adoptive parent is his grandmother, Barbara Coleman.  While at the San Francisco General Hospital, N.C. repeatedly asked for his grandmother, but N.C. was not allowed to see her.

26.     N.C. continues to suffer from the traumatizing effect of the arrest.  His teeth are still missing.  N.C. still suffers from sensitivity and pain in the area of his missing teeth.  N.C. also suffers from humiliation in having his two front teeth missing.  He has emotional injuries from the arrest, even as he copes with his life changes, including his grandmother's development of severe health problems, because of which, N.C. had to miss school and move out of his grandmother's place to live with his sisters.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. Section 1983

### Against Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH, DOES 1-100

27.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 26 of this First Amended Complaint.

28.     In doing the acts complained of in this First Amended Complaint, Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH, and/or DOES 1-

100, individually and/or while acting in concert with one another, did act under color of state law to deprive Plaintiff of his rights guaranteed by the United States Constitution, including, but not limited to:

      a. The right to be free from unreasonable seizure;

      b. The right to due process of law; and

      c. The right to equal protection of the law.

29.     Said rights are guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

30.     As a result of the violation of his rights under the United States Constitution by said Defendants, Plaintiff suffered the injuries and/or damages as alleged in this First Amended Complaint.

31.     Plaintiff is informed and believes and thereon alleges that the conduct of Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH and/or DOES 1-100 was intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiff.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants in amounts to be determined according to proof.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. Section 1983**

**Against the CITY AND COUNTY OF SAN FRANCISCO; CHAPLIN; DOES 51-100**

32.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 31 of this First Amended Complaint.

33.     As against Defendants CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN, and/or DOES 51-100, Plaintiff alleges that the acts and/or omissions alleged in the First Amended Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens with whom they come into contact.

34.     Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN and/or final

policy-makers (DOES 51-100) to the repeated violations of the constitutional rights of citizens by CITY AND COUNTY OF SAN FRANCISCO police officers, which have included, but are not limited to, false arrests, false imprisonments, the repeated use of excessive force, racially discriminatory and/or racially disparate treatment, racial profiling and/or other repeated violations of the constitutional rights of citizens, such as occurred with respect to Plaintiff.

35.    Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent violations of the rights of citizens, the failure to properly train and/or discipline officers, the failure to adequately or properly supervise officers, the failure to adopt an appropriate early warning or tracking system, customs, policies and/or practices which encouraged and/or condoned attitudes of racial bias and/or racial discrimination by members of the San Francisco Police Department and/or other customs and/or policies which caused and/or contributed to, the violation of the rights of citizens by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department.

36.    The aforementioned deliberate indifference, customs, policies or practices of Defendants CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN and/or DOES 51-100 and/or each of them, resulted in the deprivation of Plaintiff's constitutional rights as alleged in this First Amended Complaint.

37.    As a result thereof, Plaintiff sustained the damages and/or injuries alleged in this First Amended Complaint.

38.    Plaintiff is further informed and believes and thereon alleges that Defendants CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN and/or final policy-makers (DOES 51-100) ratified the Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH, and DOES 1-100's actions, as a result of which Plaintiff sustained the damages and/or injuries alleged in this First Amended Complaint.

39.    Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions of Defendants CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN and/or DOES 51-

100 as alleged in this First Amended Complaint were intentional and/or done with a conscious or reckless disregard for the rights of the Plaintiff. Therefore, Plaintiff prays for an award of punitive and exemplary damages against Defendants CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN and/or DOES 51-100 in amounts to be determined according to proof.

**THIRD CLAIM FOR RELIEF**

**Negligence**

**Against All Defendants**

40.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 39 of this First Amended Complaint.

41.     Plaintiff is informed and believes and thereon alleges that Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH and/or DOES 1-100 individually and/or acting in concert and while acting within the course and scope of their employment for Defendant CITY AND COUNTY OF SAN FRANCISCO, owed Plaintiff a duty to use due care at or about the times of the aforementioned incidents.  The Defendants owed a duty to act only with reasonable suspicion and probable cause and to use reasonable force, if any use of force was necessary.

42.     In doing the aforementioned acts and/or omissions, Plaintiff is informed and believes and thereon alleges that said Defendants and/or each of them, individually and/or while acting in concert with one another, negligently breached said duty to use due care, resulting in the injuries and damages to the Plaintiff as alleged herein.

43.     Plaintiff is informed and believes and thereon alleges that at the time of the subject incident, Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH and/or DOES 1-100 were employed by Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN and were acting within the course and scope of their employment. Accordingly, Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN are liable as *respondeat superior* for the negligence of said Defendants who were acting within the course and scope of their employment.

44.     As a result of the negligence of said Defendants, and each of them, Plaintiff suffered the damages and injuries as alleged in this First Amended Complaint.

**FOURTH CLAIM FOR RELIEF**

**False Arrest/False Imprisonment**

**Against All Defendants**

45.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 44 of this First Amended Complaint.

46.     Plaintiff is informed and believes and thereon alleges that Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH and/or DOES 1-100, individually and/or acting in concert with one another, caused Plaintiff to be arrested and/or imprisoned against his will without warrant and without reasonable suspicion or probable cause to believe that he committed any crimes as alleged in this First Amended Complaint.

47.     The acts and/or omissions of said Defendants and/or each of them, individually and/or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN. Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN are therefore liable for said false arrest and/or false imprisonment as *respondeat superior*.

48.     As a result of the false arrest and/or false imprisonment by said Defendants, and/or each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this First Amended Complaint.

49.     Plaintiff is informed and believes and thereon alleges that the conduct of said Defendants and/or each of them, as alleged herein, was intentional, malicious, and/or oppressive. As a result, said Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

**FIFTH CLAIM FOR RELIEF**

**Assault**

**Against Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN, DOES 1-100**

50.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 49 of this First Amended Complaint.

51.     In doing the acts alleged in this First Amended Complaint, Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, and/or DOES 1-100, individually and/or acting in concert with one another, acted with intent to pin Plaintiff to the ground and kick Plaintiff in the face, even though Plaintiff kneeled on the ground and had both of his hands in the air.  Plaintiff was pushed to the ground with such violent force that his glasses came off and broke.  Plaintiff reasonably believed he was about to be beaten against his will.

52.     The acts and/or omissions of said Defendants and/or each of them, individually and/or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN. Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN are therefore liable for said assault as *respondeat superior*.

53.     As a result of the assault by said Defendants, and/or each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this First Amended Complaint.

54.     Plaintiff is informed and believes and thereon alleges that the conduct of said Defendants and/or each of them, as alleged herein, was intentional, malicious, and/or oppressive. As a result, said Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

## SIXTH CLAIM FOR RELIEF

### Battery

### Against Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN, DOES 1-100

55.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 54 of this First Amended Complaint.

56.     In doing the acts alleged in this First Amended Complaint, Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, and/or DOES 1-100, individually and/or acting in concert with one another, acted with intent to pin Plaintiff to the ground and kick Plaintiff in the face, all against Plaintiff's will, even though Plaintiff kneeled on the ground and had both of his hands in the air. Plaintiff was pushed to the ground with such violent force that his glasses came off and broke.

57.    The acts and/or omissions of said Defendants and/or each of them, individually and/or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN. Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN are therefore liable for said battery as *respondeat superior*.

58.    As a result of the battery by said Defendants, and/or each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this First Amended Complaint.

59.    Plaintiff is informed and believes and thereon alleges that the conduct of said Defendants and/or each of them, as alleged herein, was intentional, malicious, and/or oppressive.  As a result, said Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

**SEVENTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**Against Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, CITY AND COUNTY OF SAN FRANCISCO, CHAPLIN, DOES 1-100**

60.    Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 59 of this First Amended Complaint.

61.    In doing the acts alleged in this First Amended Complaint, Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, and/or DOES 1-100, individually and/or acting in concert with one another, acted with intention of causing, or reckless disregard of the probability of causing, Plaintiff's severe and extreme emotional distress by kicking Plaintiff in the face, arresting him against his will, and denying him the opportunity to speak with his adoptive mother.

62.    The acts and/or omissions of said Defendants and/or each of them, individually and/or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for Defendant CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN. Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN are therefore liable for said battery as *respondeat superior*.

63.     As a result of the intentional infliction of emotional distress by said Defendants, and/or each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this First Amended Complaint.

64.     Plaintiff is informed and believes and thereon alleges that the conduct of said Defendants and/or each of them, as alleged herein, was intentional, malicious, and/or oppressive.  As a result, said Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

### EIGHTH CLAIM FOR RELIEF

### California Civil Code Section 52.1

### Against All Defendants

65.     Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 64 of this First Amended Complaint.

66.     In doing the acts and/or omissions as alleged heretofore in this First Amended Complaint, Defendants ALCARAZ, MISAGHI, OCHOA, MUSTAFICH, JOHNSON, GOLDSBOROUGH, and/or DOES 1-100 and/or each of them, subjected the Plaintiff to the violation of his rights under the United States and/or California Constitutions, including, but not limited to, the right to be free from unreasonable seizures; the right to due process of law; the right to equal protection of the law.

67.     The acts and/or omissions of said Defendants and/or each of them, individually and/or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN. Defendants CITY AND COUNTY OF SAN FRANCISCO and CHAPLIN are therefore liable for said battery as *respondeat superior*.

68.     As a result of said Defendants' violation of the Plaintiff's constitutional rights, Plaintiff incurred the damages as alleged in this First Amended Complaint and is also entitled to an award of statutory damages under California Civil Code Sections 52 and 52.1.

69.     Plaintiff is informed and believes and thereon alleges that the conduct of said Defendants and/or each of them, as alleged herein, was intentional, malicious, and/or oppressive.  As a result, said

Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

## COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT

70.     Prior to commencing this litigation, Plaintiff presented a timely Tort Claim to the CITY AND COUNTY OF SAN FRANCISCO pursuant to the California Tort Claims Act.  Said Claim was rejected within six months of the filing of the original Complaint.

## JURY TRIAL DEMAND

71.     Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

72.     WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

73.     General damages in amounts to be determined according to proof;

74.     Special damages in amounts to be determined according to proof;

75.     Attorneys' fees pursuant to statutes;

76.     Costs of suit;

77.     Punitive and exemplary damages in amounts to be determined according to proof;

78.     For pre and post judgment interest as permitted by law;

79.     For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

80.     Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED:  July 5, 2018                              Respectfully submitted,


By:     */s/ Anupam Sharma*
                                                  _____

                                                  Anupam Sharma (Bar No. 229545)
                                                  Thomas E. Garten (Bar No. 247122)
                                                  Hyun Byun (Bar No. 281753)
                                                  COVINGTON & BURLING LLP
                                                  333 Twin Dolphin Drive
                                                  Redwood Shores, California 94065-1418
                                                  Telephone: (650) 632-4700
                                                  Facsimile: (650) 632-4800
                                                  Email: asharma@cov.com
                                                  Email: tgarten@cov.com
                                                  Email: hbyun@cov.com

                                                  Jun Li (Bar No. 315907)
                                                  Yurij Melnyk (Bar No. 319325)
                                                  COVINGTON & BURLING LLP
                                                  One Front Street
                                                  San Francisco, California 94111
                                                  Telephone: (415) 591-6000
                                                  Facsimile: (415) 591-6091
                                                  Email: junli@cov.com
                                                  Email: ymelnyk@cov.com

                                                  Meredith Desautels Taft (Bar No. 259725)
                                                  BAY AREA LEGAL AID
                                                  1735 Telegraph Avenue
                                                  Oakland, California 94612
                                                  Telephone: (510) 663-4744
                                                  Facsimile: (510) 663-4740
                                                  Email: mdesautels@baylegal.org

                                                  Attorneys for Plaintiff N.C.